within the meaning of the statute. It would seem that the testator had no intention that the lips of the attorney should be sealed as to what took place at the time the will was executed, or that he should be prevented from testifying in support of the will. Hurlburt v. Hurlburt, 128 N. Y. 424, 28 N. E. 651, 26 Am. St. Rep. 482; Rosseau v. Bleau, 131 N. Y. 183, 30 N. E. 52, 27 Am. St. Rep. 578. In Re Chase's Will, 41 Hun, 204, Justice Follett said:

"The draftsman of a will, though he is an attorney, is not incompetent, under section 835, Code Civ. Proc., to testify in support of a will, to the instructions received from the testator in respect to the provisions to be incorporated in the will."

Sheridan v. Houghton, 16 Hun, 628, affirmed in 84 N. Y. 643; Hebbard v. Haughian, 70 N. Y. 55.

The act of the attorney in asking the testator if he acknowledged the instrument to be his last will and testament, and if he desired the parties present to sign it as witnesses, is not an unusual one. It frequently occurs in executing wills that words of request or acknowledgment come from the party who is assisting the testator in the preparation and execution of his will. It was held in Re Nelson's Will, 141 N. Y. 157, 36 N. E. 3, that a request to sign as a witness, made by the person superintending the execution of a will in the hearing of the testator, and with his silent permission and approval, is a sufficient compliance with the requirements of the statute. Gilbert v. Knox, 52 N. Y. 125; Peck v. Cary, 27 N. Y. 9, 84 Am. Dec. 220. The fact that the instrument in question was the will of the testator was made known to the witnesses by the declaration of Evarts, who acted and spoke for the testator not only in preparing the will, but seeing that it was properly executed. We are of the opinion that the testimony of Evarts as to what was said and done at the time the will was executed was competent.

It is not necessary to discuss the other exceptions, for the reason that the will was not admitted to probate, and therefore the appellant was not prejudiced by the rulings of the court. The decree of the surrogate's court should be affirmed, with costs to the respondent, to be paid by the appellant personally.

Decree affirmed. All concur.

---

(70 App. Div. 202.)

CROW v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. March 21, 1902.)

1. STREET RAILROADS—INJURY TO PASSENGER—QUESTION FOR JURY.
    Where there is evidence that a passenger on a street car indicated to the conductor a desire to get off, and that he rang the bell, and the car slowed up, and the passenger then went to the step to get off on the car's stopping, when the car suddenly started forward with a jerk, throwing such passenger off, and the testimony as to the signal to stop being given is not disputed, though there is a dispute as to the sudden starting of the car, the evidence is sufficient to go to the jury on the question of negligence.

**2. SAME—PERMANENT INJURY—INSTRUCTIONS—ERROR WITHOUT PREJUDICE.**

Where, in an action to recover for personal injuries, it was not alleged that they would be permanent, a verdict will not be set aside for error in admitting the testimony of a physician that he thought the injury would be permanent, when the jury were instructed as to the damages to be allowed,—the court refusing to charge that damages could be awarded for future suffering,—and defendant took no exceptions to the charge, and made no requests which were not granted.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Jannette Crow against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ.

Theodore H. Lord, for appellant.

Lyman A. Spalding, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. She had a verdict for $1,500, and from the judgment entered thereon, as well as from an order denying a motion for a new trial, defendant has appealed.

On the 3d of March, 1899, the plaintiff, then upwards of 75 years of age, entered one of the defendant's cars at 115th street for the purpose of going to 43d street, in the city of New York; and when she reached 43d street, according to her testimony, she indicated to the conductor her desire to get off at that street, but for some reason the car was not stopped, and after it had passed 43d street, she called the conductor's attention to that fact, and again requested him to have the car stopped, in order that she might get off. He thereupon rang the bell of the car once, and it immediately commenced to slow up, and she prepared to get off by going to the rear platform and taking hold of the rail of the car. While she was in this position, and before the car had come to a full stop, its speed was, without warning to her, suddenly increased, or, to use her own language, "the car gave a violent jerk," and she was thrown to the street and injured. She was corroborated as to the fact that the bell was rung for the car to stop by the defendant's witness Aiken, who testified that when the car was on the north side of 42d street he heard the conductor ring the bell for it to stop. On the part of the defendant, the conductor testified that he did not remember that the plaintiff asked him to stop the car,—in fact, he did not remember seeing her at all until she fell from the car; that it was the custom to slacken the speed of the car in approaching 42d street, in order to avoid collisions with cars running east and west on that street. He denied that there was any sudden starting of the car after it commenced to slow up, and in that respect, as well as to the custom of the defendant to slacken the speed of the car at that point, he was corroborated by the motorman and other witnesses. The conductor, however, did not deny that he rang the bell for the car to stop at 42d street, nor did the motorman deny that the bell was rung for him to

stop at that place. We have, therefore, evidence from which the jury might have found that after the plaintiff had indicated her desire to get off the car, and after the signal had been given by the conductor to the motorman to stop the car for that purpose, in obedience to that signal the motorman had slackened the speed of the car preparatory to stopping it, and, while the plaintiff was preparing to get off, the speed of the car, without notice to the plaintiff, was greatly increased, and by reason thereof she was thrown to the street and injured; and, if such facts had been found by them, then they might well have found that the defendant had not performed its full duty to the plaintiff. After the car had commenced to slow up at her request, she had a right to prepare to leave the car; and she also had a right to assume that the conditions existing at that time would be continued until the car had been stopped, and she had been afforded an opportunity to get off. There certainly was sufficient evidence, as it seems to me, to go to the jury upon these questions of fact. This case is clearly distinguishable from Armstrong v. Railway Co., 36 App. Div. 525, 55 N. Y. Supp. 498, and Sims v. Railway Co., 65 App. Div. 270, 72 N. Y. Supp. 835. In each of those cases the defendant was held not liable for the reason that it did not appear that any signal to stop the car had been given to the person in control of the car, or that the plaintiff had a right to assume that the slackening of the speed of the car in each instance was for the purpose of permitting him to get off.

It also urged that the judgment should be reversed because the learned trial justice erred in allowing the plaintiff to prove special damages in the nature of permanent injuries which were not alleged in the complaint. It is true, the complaint did not allege permanent injuries, and upon the trial the plaintiff's physician was asked the following question: "Q. Doctor, how long, in your judgment, will the effect of these injuries remain?" He answered, against defendant's objection and exception: "A. I think they will be permanent." A motion was made to strike out the answer on the ground of the objection, and this was denied. The objection should have been sustained, and the motion to strike out should have been granted. In the absence of proper allegations in the complaint to the effect that the plaintiff had sustained permanent injuries, she could not prove such facts upon the trial. Clark v. Railway Co. (Sup.) 74 N. Y. Supp. 267. But we do not think the defendant could have been injured by this answer. At the close of the trial the jury were specifically told for what injuries damages could be awarded, and those enumerated did not include permanent injuries. At the conclusion of the charge, plaintiff's counsel requested the court to charge that the jury could award damages for future pain and suffering. This request was denied, the court saying, "I think evidence upon that subject is so doubtful that it would not be right to say there are any consequences in the future, considering her present age, for which the railroad company is liable." This was equivalent to telling the jury to disregard the evidence as to permanent injuries, inasmuch as they could not award damages therefor. The defendant, apparently, was satisfied with the instructions given on this subject, inasmuch as no exceptions were taken to the charge, and no requests made, so far as appears, which were not granted. Under

such circumstances, we do not think the admission of this evidence was injurious to the defendant.

The judgment and order must be affirmed, with costs.

HATCH and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. (dissenting). It seems to me that the judgment of the court in this case is founded upon the fact that the car slowed up after the plaintiff had notified the conductor of her desire to alight at the next street, and that, although not at a regular stopping place, she had a right to treat this as an invitation to alight. It appears that the car was approaching a railroad crossing, and that it slowed up for that reason, and that its proper stopping place was upon the other side of the street. Under these circumstances, the mere fact that the car slowed up preparatory to crossing a street upon which ran another railway was not an invitation to the plaintiff to alight. I therefore dissent.

INGRAHAM, J., concurs.