the sessions of the reference, and took such part as he deemed to be necessary to reach the end he desired. It cannot be questioned upon the record either that the committee participated in the proceeding, or that he was interested in the result. The purpose of the proceeding was to compel an attorney to pay over certain moneys. The committee sought and desired an order that he should do so, and thus was actively interested in seeing that an order to pay over was made. Under these circumstances, the committee's liability for the fees of the referee and stenographer stands upon the same footing as the liability of the other parties to the proceeding.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.

---

## MURPHY v. UNION RY. CO.

### (Supreme Court, Appellate Term. June 28, 1905.)

STREET RAILROADS—NEGLIGENCE—QUESTIONS FOR JURY.

    In an action for injuries caused by being thrown from a street car by a sudden jerk as plaintiff was in the act of alighting, where it appeared that plaintiff intended to alight at a point beyond the regular stopping place before the car had actually stopped, it was for the jury—whether the defendant was negligent in suddenly starting the car, and whether plaintiff was negligent in preparing to alight.

    [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1391.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Stephen Murphy against the Union Railway Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Frank A. Acer, for appellant.
William E. Weaver, for respondent.

SCOTT, P. J. This was an action for personal injuries occasioned by the alleged negligence of the defendant. At the close of the plaintiff's case the trial judge refused to submit the case to the jury, dismissed the complaint, and rendered judgment in favor of the defendant. The plaintiff boarded defendant's car at 129th street and 3d avenue, his destination being 148th street. After the car had left 147th street the plaintiff signaled the conductor, and the conductor pulled the bell rope, evidently signaling the motorman to stop at 148th street. At a point about 30 feet south of the corner of 148th street the plaintiff arose from his seat, grasped the stanchion on the side of the car, and placed his left foot on the running board. In the meantime the car had materially slacked its speed, and was moving very slow—as the plaintiff says, "was barely moving." With the plaintiff in this position, the car suddenly shot forward with a jerk, and the plaintiff was thrown violently to the street, receiving the injuries complained of. It is clear from the

testimony that the plaintiff intended to alight, not at the north side of 148th street, the regular stopping place of the car, but at a point south of 148th street, and before the car had reached an actual stop. Whether or not, under these circumstances, the defendant was guilty of negligence in suddenly starting its car after having slowed down so as to be "barely moving" at the point designated, apparently in response to the signal, and whether or not the plaintiff was guilty of negligence in preparing to alight at that point were questions of fact that should have been submitted to the jury, and the dismissal of the complaint was error. Crow v. Met. St. Ry. Co., 70 App. Div. 202, 75 N. Y. Supp. 377.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.