If, however, a person was expressly authorized to carry on a business upon complying with such conditions, that would clearly have no relation to the right of an officer of the court in appearing to prosecute and defend actions where such right is purely personal and vested in the officer appointed for that purpose. Here this respondent had assumed to use the name under which he is practicing law of a person whom this court has suspended in consequence of his conviction of a crime. Section 67 of the Code of Civil Procedure provides that an attorney and counsellor who is guilty of any deceit or malpractice may be suspended from practice or removed from office by the Appellate Division of the Supreme Court.

We think the particulars above mentioned also establish that the respondent has been guilty of such fraud and malpractice as requires us to remove him from his office as attorney and counsellor at law.

The application should, therefore, be granted, and the respondent stricken from the rolls of attorneys of this court.

---

### ADAMS v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

CARRIERS—INJURIES TO PASSENGER—EVIDENCE—SUFFICIENCY.

    In an action against a street railroad for injuries to a passenger, it appeared that he was standing on the step of the car preparatory to alighting when it should stop on the further side of a cross-street, which the car was then crossing, when the car, according to his evidence, "jumped," and he fell within a few feet from tracks laid in the cross-street. It was shown that when crossing the other tracks there was no power on the car on which he was riding. *Held*, that the facts were insufficient to show negligence on the part of defendant.

    Patterson and McLaughlin, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by John Q. Adams against the New York City Railway Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed and new trial granted.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, HOUGHTON, and SCOTT, JJ.

Charles F. Brown, for appellant.

Joseph R. Swan, for respondent.

HOUGHTON, J. The plaintiff was a passenger on a north-bound car on defendant's Lexington Avenue Line. By his complaint he alleges that, after having notified the conductor that he desired to alight at Forty-Second street, he proceeded to the rear platform for the purpose of so doing; and that, after the car had been slowed down at that point, it gave a sudden and violent start which threw him from the platform to the street. The plaintiff testified that the car did not stop at the south side of Forty-Second street, but simply slowed down to such an extent that several passengers alighted, and proceeded slowly to cross the street and the two cross-town tracks thereon; that the conductor, who was standing near him, asked him if he was going to get

off, and that he replied that he was when the car came to a stop; that thereupon the conductor gave the signal to proceed, and the car jumped, and the dashboard hit him in the back, throwing him to the street. The plaintiff describes himself as standing with his right hand hold of the stanchion supporting the roof of the rear platform, with his left foot on the step and his right hanging off, when the signal to go ahead was given; and he says that his right foot struck the ground, and he was spun around by the impetus of his fall. His right leg was fractured in a manner indicating considerable force. The plaintiff fell within the lines of Forty-Second street and within a few feet of the south cross-town track, and it is apparent that the body of the car was then across one or both of the cross-town tracks.

The defendant's proof shows that all north-bound cars stop before crossing Forty-Second street, because of the intersection of railroads, and that this car did in fact stop at that point, and passengers alighted; that the accident to plaintiff was caused by his attempting to alight after the car had started and while it was crossing the street, or because he negligently fell from the step; and that no sudden jerk was given or start made, and there could have been no jerk at the time plaintiff fell, because the power was necessarily off while crossing the two cross-town tracks. It was usual for the car to stop on the north side of Forty-Second street as well as upon the south side.

The court instructed the jury that there was no evidence in the case from which they could find that the conductor or any employé of defendant invited the plaintiff to alight while the car was in motion or at the south side of Forty-Second street.

From the law of the case as laid down by the court, there was therefore no invitation to the plaintiff to alight upon which he was acting and failure to give him opportunity to do so, as was the situation in Crow v. Metropolitan St. Ry. Co., 70 App. Div. 202, 75 N. Y. Supp. 377. The only question presented is whether or not the proof fairly shows that the car gave a sudden and violent jerk, or lurch forward, sufficient to throw plaintiff to the ground, while he himself was exercising due care. We think it does not. The plaintiff was perfectly conscious that the car was not being brought to a stop, for, when asked whether or not he would alight, he said that he would not do so until the car had stopped. He was familiar with electric cars and with the locality. He must have known that the car would not be brought to a stop in the middle of Forty-Second street, and that there would be more or less jolting of the car in crossing the cross-town tracks. Whatever momentum was necessary in order that the car might cross the tracks without power must have been acquired before plaintiff fell, for he fell at a point, it would seem, where the car had no motive power.

Neither the plaintiff nor his witnesses give sufficient description of the movement of the car from which it can be fairly inferred that defendant's motorman was negligent. He himself simply says that the car "jumped," and his witness Brennan describes the movement in the same manner. There is no description of the extent of the jumping or the violence of the starting. To start at all there must be some movement, and all of the defendant's witnesses say that, when the car did

start from the south side of Forty-Second street, it started in the usual manner.

We think the verdict was unjustified by the evidence, and that the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event.

INGRAHAM, J., concurs.

SCOTT, J. I concur on the ground that the proof as to the happening of the accident did not conform to the allegation of the complaint. The allegation is that:

"While plaintiff was standing on the rear platform of said car waiting for said car to come to a full stop to permit him to alight therefrom, through the negligence and carelessness of the motorman of said car, the agents and servants of the defendant, or both of them, the car was suddenly and violently started forward at great speed."

The plaintiff testifies that as the car approached Forty-Second street he proceeded to the rear platform, and waited until every one else who wished to alight had done so; that the car never came to a full stop but moved slowly; that he stood on the rear platform holding on with his right hand to an upright stanchion turning up from the platform; that the conductor asked him if he was going to get off, and he replied that he was when the car stopped. Up to this point it is apparent that plaintiff was in a position of comparative safety, and that, however much it may have been a violation of defendant's contractual obligation to plaintiff to refuse to bring the car to a full stop, it was not negligent to start up the car, unless the starting was accompanied with such violence as to throw a man off the platform. Of such a violent start there is no evidence, and therefore the negligence charged in the complaint was not proven. The plaintiff's testimony as to just how the accident happened is to the effect that, after he had spoken to the conductor, and while the car was still moving slowly, but had not come to a stop, he descended from the platform, stepped his left foot on the step, and put the other one off, and while he was in this position the car was started forward. In other words, he says that, while he was in the act of alighting, the car was started up and threw him off. This is not the charge contained in the complaint. It may be that a cause of action might be predicated upon the testimony given by plaintiff at the trial, but not the cause of action alleged in the complaint. And, even if it were possible to hold that the allegation and the proof conformed, there would still be the difficulty arising from the absence of any proof that the conductor saw the plaintiff in the act of alighting, or had reason to expect that he would attempt to alight until the car had come to a full stop, since the plaintiff's declaration had been to the contrary.

McLAUGHLIN, J. (dissenting). The plaintiff was a passenger on one of defendant's north-bound Lexington avenue cars, which he took at Third street for the purpose of going to Forty-Second street. The testimony offered by him tended to establish that, as the car approached Fortieth street, he notified the conductor that he desired to get off at

Forty-Second street; that the car as it approached Forty-Second street slowed up; that he thereupon left his seat and went to the rear platform, preparatory to getting off; that on·the south side of Forty-Second street the car ran very slowly, and several persons jumped off; that, while thus running, the conductor said to plaintiff, "Are you going to get off the car?" and he replied, "I am when it stops"; that thereupon, without further warning to him, the car was suddenly started, and he was thrown to the street and injured.   The testimony on the part of the defendant was to the effect that the plaintiff stepped off the car while it was crossing Forty-Second street, and in this way the injuries were sustained.   There was no dispute between the parties as to the place in Forty-Second street where plaintiff was injured; substantially the only dispute being whether the car was suddenly started after it had commenced to slow up in obedience to his request to be let off, or whether he stepped off while it was in motion.

. The court did not instruct the jury that there was no invitation to the plaintiff to alight, and had it done so it would have been error. That was a question of fact which was properly left to the jury.   They found in favor of the plaintiff's contention, and there is sufficient evidence to sustain their finding.   The case therefore is brought within the principle laid down in Crow v. Metropolitan Street Ry. Co., 70 App. Div. 202, 75 N. Y. Supp. 377, affirmed 174 N. Y. 539, 66 N. E. 1106.

I vote to affirm the judgment and order appealed from.

PATTERSON, J., concurs.