We have been unable to discover wherein the proof failed. It embraced all the elements essential to establish the plaintiff's right to recover—employment; the production of a purchaser, who was ready, willing, and able to enter into an enforceable contract in accordance with all the terms and conditions imposed by the defendant; and omission to pay the agreed brokerage. The nonexecution of a formal contract cannot defeat the plaintiff. He did all that was required of him —all that was necessary to the earning of his compensation. That the transaction was not consummated was due entirely to the refusal of the defendant to execute a contract containing the terms upon which he and the prospective purchaser had previously agreed. This situation was brought about through the defendant's misrepresentations, and he cannot shift the consequences of his act. Seidman v. Rauner, 51 Misc. Rep. 10, 99 N. Y. Supp. 862. ·

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.

---

(56 Misc. Rep. 500.)

GARNER v. FORTY-SECOND ST., M. & ST. N. AVE. RY. CO.

(Supreme Court, Appellate Term.  November 29, 1907.)

CARRIERS—STREET RAILROADS—INJURY TO PASSENGER—NEGLIGENCE.

After a street car had slackened its speed to enable plaintiff to alight, she arose and went to the rear platform, where she stood holding the guard rail. The car was then moving very slowly, and without coming to a stop suddenly increased its speed, with a jerk to such a degree as to throw plaintiff into the street. *Held,* that the railway company was negligent, and liable for the injuries plaintiff sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1205.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Lillian H. Garner against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company. From a Municipal Court judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

James L. Quackenbush, for appellant.
Walter S. Newhouse, for respondent.

LEVENTRITT, J. The plaintiff boarded one of the defendant's north-bound cars to go to 114th street. When the car passed 113th street the plaintiff signaled the conductor to stop. Thereupon the conductor rang the bell and the car slowed down as it approached the southerly side of 114th street. As the car slackened its speed, the plaintiff arose from her seat and went to the rear platform. At that time the car was moving very slowly, and had come nearly to a standstill. The plaintiff stood on the platform, holding the guard rail with her hand. While in this position, and before she had made any movement to alight, the speed of the car was suddenly increased to such a degree as to throw the plaintiff into the street. The evidence of the plaintiff and her witnesses was not controverted.

It is conceded that the plaintiff was justified in standing on the rear platform in readiness to alight. But the defendant argues that there was no negligence on its part, and seeks to support the argument by citing cases of persons injured by the violent jerking of a car in starting or stopping. The decisions in these cases, however, proceed upon the theory that a jerk may necessarily attend the starting and the stopping of a car. That is not the situation here presented, as the car had slowed down preparatory to stopping, and the plaintiff was justified in assuming that the speed would be gradually reduced until the car came to a standstill. This distinction is clearly pointed out in the case of Crow v. Metropolitan Street Ry. Co., 70 App. Div. 202, 75 N. Y. Supp. 377 (affirmed 174 N. Y. 539, 66 N. E. 1106), in this department; the facts being similar to those disclosed in the case at bar. There the court, by McLaughlin, J., say:

"We have, therefore, evidence from which the jury might have found that after the plaintiff had indicated her desire to get off the car, and after the signal had been given by the conductor to the motorman to stop the car for that purpose, and in obedience to that signal the motorman had slackened the speed of the car preparatory to stopping it, and while the plaintiff was preparing to get off, the speed of the car, without notice to the plaintiff, was greatly increased, and by reason thereof she was thrown to the street and injured; and, if such facts had been found by them, then they might well have found that the defendant had not performed its full duty to the plaintiff. After the car had commenced to slow up at her request, she had a right to prepare to leave the car; and she also had a right to assume that the condition existing at that time would be continued until the car had been stopped and she had been afforded an opportunity to get off."

The judgment must be affirmed. All concur.