tion. Under such circumstances he should stand by the pleading which he chose to serve.

But if the defendant had been permitted to introduce the evidence which the court excluded, it would have been unavailing to him, because the record shows that he submitted the whole matter of the franchises and their validity to his attorney, and thereafter executed the contract. In the absence of any evidence to the contrary, this would show an investigation on the defendant's part, and nonreliance on any representations of the plaintiff if any more were made. Reliance upon the false representations was a necessary element of defendant's defense in avoidance of the contract, and with that lacking the other elements would be unavailing.

The rulings of the court in other respects we think were proper. The contract being valid, and, as we interpret it, no tender being necessary upon maturity of partial payments, and the plaintiff having properly tendered on the trial the property agreed to be purchased, a direction of a verdict in behalf of plaintiff was proper, and the judgment should be affirmed, with costs. All concur.

---

DWYER v. AUBURN & S. ELECTRIC R. CO.

(Supreme Court, Appellate Division, Fourth Department. March 3, 1909.)

1. CARRIERS (§ 333*) — STREET RAILROADS—INJURIES TO PASSENGERS—PLACE TO ALIGHT.

Plaintiff, who started to step off the rear platform of a street car before it had reached its usual stopping place, of which plaintiff was aware, and was injured by a sudden acceleration of the speed of the car, had no right to assume that the car was slowing down to enable him to alight.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1385–1397; Dec. Dig. § 333.*]

2. CARRIERS (§ 318*) — STREET RAILROADS — INJURIES TO PASSENGERS—SUDDEN JERK.

Where plaintiff was injured when about to alight from a street car, before the car had reached its stopping place, by an acceleration of speed, evidence merely that the car "went ahead with a jerk," or started up violently with a "lurch or jerk," was insufficient to show that it was negligently operated.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 318.*]

Appeal from Cayuga County Court.

Action by James J. Dwyer against the Auburn & Syracuse Electric Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Ernest L. Edgcomb, for appellant.

Frank S. Coburn, for respondent.

SPRING, J. On the afternoon of July 20, 1907, in the city of Auburn, the plaintiff was riding on the rear platform of the defendant's

car, although there were empty seats inside the car. As the car proceeded northerly along State street, when it reached the southerly side of Seymour street, with which it intersected, the plaintiff advised the conductor that he desired to alight at Seymour street, and the conductor gave the usual signal to the motorman on the front platform of the car, also calling out "Seymour Street." As plaintiff well knew, the usual stopping place for a car going northwardly at this intersection was after it crossed over Seymour street. After the signal had been given, the car slackened its speed nearly to a stop at the turn of the Seymour street line. The plaintiff started to step off the rear platform, when, as he claims, the car lurched forward with a sudden jerk, precipitating him to the pavement and injuring him.

There was no announcement by the conductor that the car was to stop before reaching its usual stopping place for the accommodation of passengers, and there certainly was no intimation to the motorman that any passenger intended to alight in the street or on its southerly side. He properly had his car under control at the street crossing, going very slowly, and when he reached the point in the street where the Seymour street line branched off he accelerated the speed of the car. He operated it in the usual way, and there was nothing in his conduct or in that of the conductor which warrants the finding of the negligence of the defendant. The plaintiff's home was south of Seymour street, and he apparently was desirous of avoiding recrossing the street on his homeward trip. Knowing that the usual stopping place of the car was on the opposite side of the street, he had no right to assume that the car was slowing down for the purpose of enabling him to alight. Armstrong v. Met. St. Ry. Co., 36 App. Div. 525, 55 N. Y. Supp. 498, affirmed 165 N. Y. 641, 59 N. E. 1118; Sims v. Met. St. Ry. Co., 65 App. Div. 270, 72 N. Y. Supp. 835.

The case of Crow v. Met. St. Ry. Co., 70 App. Div. 202, 75 N. Y. Supp. 377, affirmed 174 N. Y. 539, 66 N. E. 1106, is distinguishable from the present case. In that case the plaintiff had notified the conductor that she wished to stop at the usual street crossing stop. The car for some reason failed to stop, and she called the attention of the conductor to the omission. He signaled the motorman, who slackened the speed, and she went to the rear platform, taking hold of the handrail preparatory to stepping off, when the car suddenly jerked ahead, throwing her off. In that case the jury might have found that the motorman slowed down in the unusual place at the signal of the conductor, and the plaintiff had the right to assume the car was slackening its speed for her to alight, and that no forward movement, violent or otherwise, would be made until she had the opportunity to get off, which the invitation indicated she would have.

In the circumstances disclosed in the record there was no evidence showing that the motorman improperly managed the car. In his first narration of the transaction the plaintiff testified that as he was reaching for the handle of the car in order "to get down on the next step, and just as I reached out like that, the car went ahead and threw me off on the side of the car." Later he testified that the car "went ahead with a jerk, * * * quite a jerk." Murphy, who was with him on

the platform, testified that "the car started up rapidly and violently, with a lurch and jerk." We think these attempted descriptions are too indefinite and general to establish negligence of the motorman. A car cannot accelerate its speed from nearly a dead stop without a noticeable jerk or lurch. If injury results from such a forward movement, there is no liability unless the passenger is acting in obedience to an invitation to alight, providing there is nothing to indicate that the jerk forward was unusual or likely to be attended with injurious consequences. To say the car gave a jerk, or even a violent jerk, does not convey to the jury a distinct conception of the forward course of the car. When the charge is that the car was negligently operated, in that it was suddenly propelled forward with unusual and unnecessary force, tangible proof of such force should be given, instead of the characterization of the witness, which may be exaggerated beyond the actual occurrence. Adams v. N. Y. City Ry. Co., 116 App. Div. 315, 101 N. Y. Supp. 510; Black v. Third Ave. R. R. Co., 2 App. Div. 387, 37 N. Y. Supp. 830; Hirsch v. Union Ry. Co., 48 Misc. Rep. 527, 96 N. Y. Supp. 333; Flynn v. Interborough R. T. Co., 48 Misc. Rep. 529, 96 N. Y. Supp. 259; Bollinger v. Interurban St. Ry. Co., 50 Misc. Rep. 293, 98 N. Y. Supp. 641. The rule last adverted to must be construed in the light of the fact already noted that the motorman had no notice the plaintiff expected to alight before reaching the northerly side of the street.

Proof of the enlarged hernia as the result of the accident was probably not admissible under the general allegation of injuries contained in the complaint. The evidence, however, was received without objection, and there is no suggestion contained in the record that the counsel for the appellant claimed the pleading was not sufficiently comprehensive to include this injury.

The judgment should be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.