## WADDY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.    March 14, 1913.)

1. CARRIERS (§ 331*)—STREET RAILROADS—INJURY TO PASSENGER—CONTRIBU-
   TORY NEGLIGENCE.

   A passenger, thrown from the platform of a street car while going
   around a loop, who knew it would not stop till it had reached its stop-
   ping place, though the conductor had called, "All off," and who from his
   experience should have known of its liability to change its speed, with
   danger to the equilibrium of standing passengers, is not shown to have
   been free from contributory negligence; it not appearing he took precau-
   tion to maintain his position.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1371, 1374–1382;
   Dec. Dig. § 331.*]

2. CARRIERS (§ 295*)—STREET RAILROADS—INJURY TO PASSENGER—NEGLI-
   GENCE.

   Though a passenger was thrown from the platform of a street car,
   where he was riding, while it was, to his knowledge, going around a loop,
   it not appearing it was caused by any violent starting up of the car,
   and he being experienced in riding at such places, negligence of the car-
   rier is not proved.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1191–1197, 1199,
   1213, 1215, 1220; Dec. Dig. § 295.*]

Appeal from Trial Term, Kings County.

Action by Samuel J. Waddy against the Brooklyn Heights Railroad
Company. From a judgment for plaintiff, and from an order deny-
ing a motion for new trial, defendant appeals. Reversed, and new trial
granted.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS,
CARR, and RICH, JJ.

D. A. Marsh, of Brooklyn, for appellant.
Sterling Pierson, of Brooklyn, for respondent.

PER CURIAM. [1, 2] · The plaintiff states his belief that there was
a car ahead of the one in which he was riding when he went on the
front platform. The evidence is that such was not the case. As a per-
son experienced by long use of cars entering upon the loop and stop-
ping, he knew that the car was passing around the loop to reach its
stopping place, but that it had not come to such a point; and he also
knew that the conductor's call, "All off," meant that he should alight
when the car stopped. Experience also should have taught him that
a car passing around such a loop often decreases and accelerates its
speed with resultant disturbance to the equilibrium of standing passen-
gers, and he should have taken some precaution to maintain himself
on the platform. There is no evidence whatever that he did use such
care, and, although he was thrown off, it does not appear that there
was any violent starting up of the car that produced it. Hence the neg-
ligence of the defendant is not proven; nor is the plaintiff shown to
have been free from contributory negligence. Ayers v. Rochester Ry.
Co., 156 N. Y. 104; 50 N. E. 960; Dwyer v. Auburn & Syracuse Elec-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tric R. R. Co., 131 App. Div. 477, 115 N. Y. Supp. 364; Black v. Third Avenue R. Co., 2 App. Div. 387, 37 N. Y. Supp. 830.

Judgment and order should be reversed and new trial granted, costs to abide the event.