(83 Misc. Rep. 62.)

STARKMAN v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department.   December 18, 1913.)

1. CARRIERS (§ 320*)—PASSENGER'S ACTION FOR INJURIES—QUESTION FOR JURY.

In an action for injuries by a passenger on an elevated train, where there was evidence that as the train was about to reach a station there was a sudden stop, and that though plaintiff, who was riding on the platform, held onto the stanchion, he was thrown towards the next car, and his foot went into the space between the two cars, where it was caught and crushed, defendant's negligence should have been submitted to the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1333, 1244, 1248, 1315–1325;   Dec. Dig. § 320.*]

2. APPEAL AND ERROR (§ 927*)—REVIEW—PRESUMPTIONS.

On appeal from the dismissal of a complaint at the close of plaintiff's case, the evidence given by plaintiff must be assumed to be true, and he is entitled to all proper and legitimate inferences to be drawn therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024;   Dec. Dig. § 927.*]

3. CARRIERS (§ 298*)—PASSENGER'S ACTION FOR INJURIES—QUESTION FOR JURY.

The stopping of an elevated train so suddenly and violently as to throw passengers down or against portions of the car, if not necessary to the successful operation of the car, would justify the jury in finding negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1192, 1205, 1206;   Dec. Dig. § 298.*]

4. EVIDENCE (§ 471*)—OPINION EVIDENCE—STOPPING OF STREET CAR.

In an action for injuries to a passenger on an elevated railroad train, claimed to have been due to a sudden stop, the exclusion of questions, asked witnesses who had ridden on elevated trains for years, as to whether the train stopped in the same manner as, or in a different manner from, the manner which it generally and usually stopped, and as to how it stopped with reference to the way in which it was stopped on previous occasions, on the ground that they were immaterial, incompetent, and irrelevant, and called for conclusions of the witnesses, was improper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185;   Dec. Dig. § 471.*]

5. CARRIERS (§ 331*)—INJURIES TO PASSENGER—CONTRIBUTORY NEGLIGENCE—RIDING ON PLATFORM.

It was not negligence for a passenger on an elevated railroad train to ride on the platform, where the car was crowded and no warning was given or objection made by the guard.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1371, 1374–1382;   Dec. Dig. § 331.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Pincus Starkman against the Interborough Rapid Transit Company. From a judgment entered upon the dismissal of the complaint at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial ordered.

The witness Mintz, after testifying that for about 12 years he rode on elevated trains from two to five times a day, was asked whether the stopping of the train on the occasion when plaintiff was hurt was the usual, customary, and general method or manner of stopping trains on the elevated railroad, and whether he ever saw or noticed a train bumping into another as it did on the occasion in question. Plaintiff, after testifying that he had ridden on elevated trains for five years on an average of three times a day, was asked whether the stopping of the car the day he was hurt was done in the same manner as he had observed it previously, whether it stopped differently from the way he had observed cars were usually stopped, and in what manner the car was stopped with reference to the way it was stopped previously. To each of such questions an objection, on the ground that they were incompetent, irrelevant, and immaterial, and called for a conclusion of the witness, was sustained; the court stating, in ruling on the objection to the first question, that the stop might have been an unusual stop, and yet show no negligence, that "the question here is simply, 'Was this a sudden stop, and was the sudden stop produced through the negligence of the defendant?' * * * It might have been a very unusual stop, and yet not sufficient to show negligence on the part of the defendant." ·

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Morris & Samuel Meyers, of New York City (Herman Druck and Samuel Meyers, both of New York City, of counsel), for appellant.

James L. Quackenbush, of New York City (Bayard H. Ames and Walter Henry Wood, both of New York City, of counsel), for respondent.

WHITAKER, J. The allegations of the complaint, so far as material to the questions under discussion, are as follows:

"Second. That on or about the 15th day of March, 1911, the plaintiff was a passenger for hire on one of defendant's cars upon said Second Avenue Elevated Railroad. That at or near the Eightieth Street station of said elevated railroad defendant, its agents or servants, negligently, carelessly, and violently stopped said car upon which said plaintiff was riding, so as to throw plaintiff in such a manner that plaintiff's left foot was caught between the car upon which plaintiff was riding and the car following and coupled thereto.

"Third. That solely by the aforesaid negligence of the defendant, its agents or servants, and without fault or negligence on plaintiff's part, the plaintiff was negligently, carelessly, and violently thrown against the railing of said car, and his foot was caught and crushed between the bumpers of the car upon which plaintiff was riding and the car following and coupled thereto, whereby plaintiff was injured. * * *"

[1, 2] The evidence given on behalf of plaintiff was substantially as follows: That on March 15, 1911, he paid his fare at the Ninety-Ninth Street and Second Avenue elevated station and there boarded a car of a downtown train. That there were other people standing on the platform of said car, about 10 in number, and that he remained on the platform of said car until the train was about to reach the Eightieth Street station, when there was a sudden stop of the train.

That at the time of this sudden stop he held onto the stanchion, but notwithstanding it threw him towards the next car, and his left foot went into the space between the two cars. It must be assumed that the evidence given by plaintiff was true, and plaintiff was entitled to all proper and legitimate inferences to be drawn therefrom. Kraus v. Birnbaum, 200 N. Y. 130, 93 N. E. 474.

[3] If the train operated by defendant's servants was stopped so suddenly and violently as to throw the passengers down or against any portions of the car, and such violent or sudden stop was not necessary to the successful operation of the car, the jury would have been justified in finding the defendant guilty of negligence. See Hassen v. Nassau Electric R. R. Co., 34 App. Div. 71, 53 N. Y. Supp. 1069, and cases there cited.

[4] There was, we think, sufficient evidence to go to the jury upon this question. The evidence would probably have been much stronger, had the court not, as we think erroneously, excluded the testimony of the witness Mintz and the plaintiff upon this subject.

[5] The fact that plaintiff was riding upon the platform did not of itself constitute contributory negligence. Edwards v. N. J. & H. R. R. & F. Co., 144 App. Div. 555, 129 N. Y. Supp. 717. If the car was crowded, and the plaintiff remained upon the platform without objection by the guard in charge of the train, it was not contributory negligence. The evidence showed that the car was crowded, and fails to disclose any warning or objection upon the part of the guard. Cattano v. Met. St. Ry. Co., 173 N. Y. 565, 66 N. E. 563, and Hassen v. Nassau Electric R. R. Co., supra.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.