FAIRCHILD SONS, INCORPORATED, as Administrator with the Will Annexed of MARGARET BEDELL, Deceased, Respondent, v. WALTER GESECUS, IRENE GESECUS and LILLIAN CROLEY, Appellants, and Another, Defendant.— Plaintiff, as administrator c. t. a., sued to vacate a satisfaction and revive a $1,500 mortgage pledged by the deceased with defendant bank as collateral security for a $600 note. The note provided that upon default the pledgee may sell the collateral at public or private sale, with or without notice or demand, to satisfy its debt, "returning the overplus, if any," to the pledgor. The pledgor died before the note, then reduced to $225, became due, and upon default the bank, upon payment of $225 with interest, transferred the note, together with the collateral, to appellant Croley, who satisfied the mortgage upon payment to her of $225 by appellants Gesecus, the owners of the premises covered by the mortgage. The court found the bank, in selling the note, did not exercise its right as pledgee and sell the collateral, but merely sold the note and transferred the collateral, and when Croley acquired the collateral she did so under the terms of the collateral agreement. The court also found that the assignment to Croley was for the benefit of Gesecus. The judgment provides that upon payment to Croley of $225, with interest, she assign the bond and mortgage and deliver them and assignments, together with the note, to plaintiff, and in the event plaintiff fail to pay the $225, with interest, Croley has the right to sell the bond and mortgage as trustee for herself and plaintiff, after notice to plaintiff. Judgment modified by striking therefrom the provision directing appellant Croley to give notice before she sell the collateral, and as so modified unanimously affirmed, with costs to respondent. Conclusion of law numbered 4 is modified accordingly. Croley, succeeding to the rights of the bank as pledgee, was empowered, under the terms of the collateral agreement, to sell the collateral at public or private sale without notice or demand, and, therefore, the provision in the judgment directing that she may do so only upon notice must be struck out. Present — Hagarty, Carswell, Davis, Johnston and Taylor, JJ.

JACK FISH, Appellant, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— After a signal to stop had been given, the plaintiff, a passenger on defendant's trolley car, arose from his seat for the purpose of leaving. When he had taken about two steps in the direction of the door, the car stopped suddenly, as he alleges, and he fell on his knee. He brought this action to recover damages for the injuries sustained. At the close of the entire case the complaint was dismissed because of his failure to show negligence on the part of defendant. Judgment unanimously affirmed, with costs. No opinion. Present — Young, Carswell, Davis, Adel and Taylor, JJ.