ANNA WEINMAN, Amended to Read WEINMANN, and CHRISTIAN WEINMAN, Amended to Read WEINMANN, Appellants, v. THOMAS E. MURRAY, JR., as Receiver of Interborough Rapid Transit Company, Respondent.— Action for damages for personal injuries suffered by plaintiff wife while a passenger on defendant's subway train. Companion action of husband for expenses and loss of services. Judgment dismissing the complaint reversed on the law and a new trial granted, with costs to abide the event. Plaintiff wife, while a passenger on defendant's train, was holding on to the iron device provided for that purpose. As the train approached a station, she asserts that there was a sudden stoppage and a violent jerk of the train which disengaged her hold on the " strap " and threw her to the floor, with resultant injuries. At the same time another passenger was thrown

from his seat to the floor, and still other passengers were violently thrown around. When this occurred there was a hissing sound from which it could be inferred that the airbrakes had been applied violently and not gradually. This evidence presented a jury question as to whether or not the defendant was negligent. (*Starkman* v. *Interborough Rapid Transit Co.*, 83 Misc. 62; *Tompkins* v. *Interborough Rapid Transit Co.*, 88 id. 20; *Dochtermann* v. *Brooklyn Heights R. R. Co.*, 32 App. Div. 13; *Hassen* v. *Nassau Electric R. R. Co.*, 34 id. 71; *Newell* v. *Brooklyn Bus Corp.*, 255 id. 857; affd., 280 N. Y. 650, decided April 4, 1939.) Cases which concern injuries suffered by passengers who are moving about in a car or train at the time of a claimed sudden jerk (*Bockhaus* v. *Interborough Rapid Transit Co.*, 220 N. Y. 774), or which disclose no shaking up or throwing of other passengers (*Fish* v. *Brooklyn & Queens T. Corp.*, 246 App. Div. 843), have no application to the situation herein. Hagarty, Carswell, Adel, Taylor and Close, JJ., concur.