■ MIRIAM A. RAMIREZ et al., Respondents, v DAMIANO CORRENTE, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated June 29, 1990, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

On August 24, 1985, the plaintiffs Leonel J. Ramirez and Ana Osorio were passengers in an automobile which was involved in an accident. As a result of the impact, the then 22-month-old Leonel J. Ramirez was treated in a hospital emergency room and released. He last saw a physician for contusions of the forehead and temple two-and-one-half weeks after the accident, whereupon the physician indicated that the child's head injury had healed. Leonel's parents submitted affidavits in opposition to the motion for summary judgment, dated October 21, 1987, stating that Leonel was afraid of being in automobiles and that he suffered from nightmares. Leonel, however, did not receive medical treatment for these problems.

Ana Osorio was treated in the emergency room and released. She last saw a physician approximately one month after the accident for injuries to her left knee, spine area, neck, back, rib, and right hip. Ana Osorio and her husband submitted affidavits dated October 21, 1987, wherein they stated that Ana, who is a housewife, was unable to perform her usual and customary daily activities for approximately six months.

Contrary to the conclusions of the Supreme Court, we find that the plaintiffs have failed to meet their burden of establishing a prima facie case of "serious injury" as defined in Insurance Law § 5102 (d). The plaintiffs have failed to support their allegations that their injuries prevented them from performing "substantially all" of the material acts constituting their customary daily activities during at least 90 out of the first 180 days following the accident (see, Gaddy v Eyler,

79 NY2d 955; *Licari v Elliott,* 57 NY2d 230, 236; *Covington v Cinnirella,* 146 AD2d 565).

Accordingly, the defendant's motion for summary judgment dismissing the complaint is granted. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.