■ SHARI BARKER et al., Respondents, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellants.—Order, Supreme Court, Bronx County (Lewis R. Friedman, J.), entered December 16, 1991, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Discrepancies in the examinations before trial raise clear issues of fact, including, *inter alia,* how fast the bus was travelling and whether the sudden stop that caused plaintiff's injuries was avoidable *(see, Harris v Manhattan & Bronx Surface Tr. Operating Auth.,* 138 AD2d 56; *see also, Ugarriza v Schmieder,* 46 NY2d 471, 474). Concur—Murphy, P. J., Rosenberger, Wallach, Smith and Rubin, JJ.

■ RAMESH KALRA, Individually and as Father and Natural Guardian of RITA KALRA, an Infant, Appellant, v JOHN KAMEN et al., Respondents.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), dated March 5, 1991, which denied plaintiffs' motion for a default judgment pursuant to CPLR 3215 (a), because of defendants' failure to interpose an answer to the amended complaint, unanimously affirmed, with costs.

Subsequent to service of an amended complaint plaintiffs moved for a default judgment premised on defendants' failure to timely answer the original complaint. That motion was denied. Plaintiffs then moved for a default judgment based upon defendants' failure to serve an answer to the amended complaint.

Plaintiff effectively waived service of an answer to the amended complaint when he moved for a default judgment alleging that the defendants failed to interpose an answer to the original complaint.

"A waiver, the intentional relinquishment of a known right [citation omitted], may be accomplished by express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage [citations omitted]." *(Hadden v Consolidated Edison Co.,* 45 NY2d 466, 469.)

Accordingly, plaintiffs' motion for an order granting a default judgment because of defendants' failure to serve an answer to the amended complaint was properly denied.

Further, the IAS court did not abuse its discretion in denying the imposition of sanctions upon the plaintiff. Concur —Murphy, P. J., Rosenberger, Wallach, Smith and Rubin, JJ.