■ MICHELLE LEBRETON, as Administrator of the Estate of ANNETTE JONES, Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [699 NYS2d 463] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated September 18, 1998, as denied its renewed cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the renewed cross motion is granted, and the complaint is dismissed.

On March 3, 1992, the plaintiff's decedent was allegedly injured when the bus in which she was a passenger came to an abrupt halt because its driver unexpectedly stopped to converse with a female colleague. The decedent subsequently commenced this action against the defendant, New York City Transit Authority, contending that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the bus driver's negligence.

After discovery was conducted, the case was placed on the trial calendar, but was marked off the calendar on April 5, 1994. On September 21, 1994, the decedent died of causes unrelated to the accident. After being appointed the administrator of her mother's estate, the decedent's daughter moved, in May 1997, to be substituted as the plaintiff. The defendant

cross-moved for summary judgment dismissing the complaint on the ground, *inter alia*, that the decedent had not sustained a serious injury. By order dated January 29, 1998, the court granted the motion and denied the cross motion without prejudice to renewal after substitution. In March 1998, the plaintiff moved to restore the action to the trial calendar and the defendant renewed its cross motion for summary judgment. The court granted the motion, and denied the cross motion as untimely pursuant to CPLR 3212 (a).

The court erred in denying the cross motion as untimely. This action was no longer on the trial calendar when the amendment to CPLR 3212 (a), imposing a time limitation on summary judgment motions, went into effect on January 1, 1997. The case had not yet been restored to the calendar when the defendant renewed its cross motion for summary judgment. Since the case was not on the trial calendar, the 120-day time limitation was not triggered and the cross motion was timely. Further, the court had specifically given the defendant leave to renew its cross motion after substitution. The plaintiff's additional contention regarding the alleged untimeliness of the cross motion is raised for the first time on appeal and is based on matters which are dehors the record. Consequently, those arguments are unpreserved for appellate review (*see, Bragagnolo v EMC Mtge. Corp.,* 234 AD2d 328).

Contrary to the defendant's contentions, the decedent's testimony at her deposition and at the hearing pursuant to General Municipal Law § 50-h, together with the medical evidence of her injuries, raise a triable issue of fact as to the bus driver's negligence (*see, Urquhart v New York City Tr. Auth.,* 85 NY2d 828; *Harris v Manhattan & Bronx Surface Tr. Operating Auth.,* 138 AD2d 56). However, the plaintiff failed to demonstrate the existence of a triable issue of fact as to whether the decedent sustained a serious injury within the meaning of Insurance Law § 5102 (d).

The defendant made a prima facie showing that the decedent did not sustain a serious injury (*see, Licari v Elliott,* 57 NY2d 230). In opposition to the cross motion, the plaintiff sought to establish only that the decedent's injuries prevented her from performing substantially all of her customary activities for at least 90 of the 180 days after the accident. However, the affidavit of the decedent's son and the affirmation of her treating physician submitted in support of the plaintiff's contention are contradicted by the decedent's bill of particulars and her own testimony at the General Municipal Law § 50-h hearing. The decedent's own deposition testimony indicated that her injuries

simply curtailed her usual activities somewhat. She did not detail or even outline in a general fashion her inability to perform substantially all of her customary daily activities (*see, Gaddy v Eyler,* 79 NY2d 955, 958; *Ramirez v Corrente,* 183 AD2d 881). The plaintiff's contention that the decedent suffered a significant limitation of use of a bodily function or system was not asserted in opposition to the cross motion and is therefore unpreserved for appellate review (*see, Bragagnolo v EMC Mtge. Corp., supra*). In any event, the plaintiff failed to demonstrate the existence of a triable issue of fact on that issue (*see, Merisca v Alford,* 243 AD2d 613). Consequently, the defendant's renewed cross motion for summary judgment dismissing the complaint must be granted. O'Brien, J. P., Altman, Luciano and Smith, JJ., concur.