(88 Misc. Rep. 20)

### TOMPKINS v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department.   December 4, 1914.)

CARRIERS (§ 320*)—INJURIES TO PASSENGERS—SUDDEN JERK.

> That a carrier's car was stopped so suddenly and violently as to throw plaintiff, a passenger, off her feet, justified an inference that due care in the operation of the car was not used, and in the absence of other evidence was sufficient to carry an action growing out of injuries sustained by plaintiff in her fall to the jury.
>
> [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. § 320.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by William M. Tompkins against the Interborough Rapid Transit Company. From a Municipal Court judgment, dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

George Doan Russell, of New York City, for appellant.

James L. Quackenbush, of New York City (Bayard H. Ames and John Montgomery, both of New York City, of counsel), for respondent.

SEABURY, J. Plaintiff sues to recover damages for the loss of the services of his wife on account of personal injuries which his wife sustained through the alleged negligence of the defendant. The plaintiff's wife was a passenger on one of the trains on defendant's Third Avenue elevated road. The evidence showed that as she was about to leave the car, and had stepped forward toward the door, the car in stopping gave a sudden lurch, which caused her to fall. On cross-examination an attempt was made to make it appear that she had fallen over an obstruction in the aisle, but she adhered to her story that the suddenness with which the car stopped threw her against the obstruc-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion. The fact that the car was stopped so suddenly and violently as to throw the plaintiff off her feet justifies the inference that due care in the operation of the car was not used. The evidence of the jerk which the car gave indicated negligence in its operation, and, in the absence of other evidence, was sufficient to carry the case to the jury. The fact that the car gave a lurch or jerk sufficiently appeared from the testimony, and the use of these terms was not merely characterization. In view of the proof adduced and the circumstances proved, there was sufficient evidence to call upon the defendant to explain. The dismissal of the complaint requires a reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.