KLEIN v. FRASER. (No. 7900.)

(Supreme Court, Appellate Division, First Department. November 19, 1915.)

CARRIERS ⬕321—PASSENGERS IN ELEVATOR CARS—INJURIES—INSTRUCTIONS.
　　An instruction, in an action for injuries to a passenger by the fall of an elevator car, that the burden of explaining how it fell was on the owner to escape liability, was erroneous, because authorizing a recovery, though the owner was free from negligence, but was unable to explain the cause of the accident, and thereby wrongfully extended the rule of res ipsa loquitur.

　　[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. ⬕321.]

Appeal from Trial Term, New York County.

Action by Abraham Klein against Mary L. Fraser. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Walter L. Glenney, of New York City, for appellant.
Joseph I. Green, of New York City, for respondent.

SCOTT, J. The plaintiff was injured while a passenger in an elevator car in a loft building owned by defendant. The car was crowded with passengers on its downward trip, and for some reason did not stop at the bottom or ground floor, but ran onto the springs or bumpers in the bottom of the well, rebounding so that when it stopped the floor of the car was about 18 inches lower than the floor of the hallway. No one but the plaintiff seems to have been injured, but the other passengers in the car were apparently thrown into something of a panic, in the course of which plaintiff was thrown down and injured. His injuries appeared, at first, to be slight; but it is claimed

that he never fully recovered from them, and that they constituted the producing cause of a very serious ailment, which developed many months afterwards. The causal connection between the injuries received in consequence of the fall of the elevator car and the serious illness afterwards discovered is not very convincingly shown, and none of the experts called in the case was willing to go further than to say that the original injury might have been a producing cause of the later ailment. The jury, however, have found for the plaintiff upon this issue, and since the evidence upon the subject, upon the new trial which we feel compelled to order, may differ from that now before us, we do not pass upon the sufficiency of the evidence to sustain the verdict.

The legal error in the case is found in the charge as to the burden of proof. The plaintiff's right to recover at all rested necessarily upon his claim that the elevator was either negligently maintained or negligently operated. The plaintiff claimed, and rightly, that the fact that the car fell supplied evidence of negligence, which, unexplained, would have justified a verdict in plaintiff's favor on the issue of defendant's negligence. Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. The rule of res ipsa loquitur upon which plaintiff relied to establish defendant's negligence, is merely a rule of evidence, which may be rebutted by a showing by defendant that she in fact had not been negligent. The court in the case at bar imposed a much more onerous burden upon the defendant by charging in plain terms, and more than once, that the fall of the car cast upon defendant the burden of explaining how it fell. What was cast upon the defendant by the fact of the accident was not to prove just how the accident happened, but that she had exercised due care to guard against the happening of such an accident. Sweeney v. Edison Electric Ill. Co., 158 App. Div. 449–452, 143 N. Y. Supp. 636; Huscher v. N. Y. & Queens L. & P. Co., 158 App. Div. 422–425, 143 N. Y. Supp. 639.

Under the charge in the present case the jury might have found that defendant had been free from negligence, as she claimed to have been, in the maintenance of the elevator, and yet have rendered a verdict against her, because she was unable to explain the precise cause of the accident. This is an unwarranted extension of the rule of res ipsa loquitur. We are urged to disregard this error in the charge as one which in all probability did not affect the verdict. In some cases we might properly adopt this course. In the present case, however, the questions at issue were so close, and the plaintiff's right to recover large damages so debatable, that we should not feel justified in disregarding, as unimportant, a clearly erroneous charge.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. Order filed. All concur.