MARY FELLOWS, Appellant, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.

JOSEPH FELLOWS, Appellant, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.

(Supreme Court, Appellate Term, First Department, October Term — Filed November, 1921.)

Evidence — negligence — testimony that train started with a "terrible jerk" admissible.

In an action to recover for personal injuries the plaintiff should not be prevented from testifying in her own language as to how the accident happened, and in any terms which appropriate questions of her counsel may call for.

On the trial of a wife's action to recover for personal injuries, and in her husband's action for loss of her services by reason of the injuries to her, she testified that after boarding a train operated by the defendant company it started with a "terrible jerk" which caused her to fall. At the instance of defendant's counsel and over the objection of plaintiffs' the phrase "terrible jerk" was stricken out. Later she described it as "a terrible and terrific jerk," which was stricken out. Her counsel then asked her: "Was it the usual jerk? A. No." This was similarly stricken out as a conclusion. Finally, her counsel said: "Q. You will have to describe, leaving out the words 'terrible' and 'terrific,' in what manner that jerk of the starting of the train differed from the starting of other trains that you had been riding in." An objection to this question was similarly sustained as calling for a conclusion. The husband testified that the chain connecting the cars "gave a terrible snatch." This testimony was also stricken out and in dismissing the complaint for failure on the part of plaintiffs to prove negligence, the trial judge said: "There is no evidence here which will show that this jerk was any more than the usual jerk which the plaintiff admits cars start with," and added: "I have stricken out the characterization of the jerk because the decisions compel me to do so." *Held,* that the phrases stricken out should have been allowed to stand, and the wife should have been permitted to

answer how the jerk which threw her differed from the ordinary starting jerk of a train, if it did, and the judgments entered upon the dismissal of the complaints at the close of the plaintiffs' cases will be reversed and new trials granted.

Appeal by plaintiffs from judgments of the City Court of the city of New York dismissing their complaint at the close of plaintiffs' cases.

Abraham M. Fisch, for appellants.

James L. Quackenbush (William J. Shiels, of counsel), for respondent.

Bijur, J.   These are appeals in two cases, one by the wife for injuries suffered, the other by the husband for loss of her services.

The wife testified that after boarding a train operated by the defendant company it started with a " terrible jerk " which caused her to fall.   At the instance of defendant's counsel and over the objection of plaintiffs' the phrase " terrible jerk " was stricken out.   Later she described it as " a terrible and terrific jerk," which was stricken out.   Her counsel then asked her: " Was it the usual jerk? A. No." This was similarly stricken out as a conclusion.   Finally, her counsel said: " Q. You will have to describe, leaving out the words ' terrible ' and ' terrific,' in what manner that jerk of the starting of the train differed from the starting of other trains that you had been riding in."

The objection to this question was similarly sustained as calling for a conclusion.   The husband testified that the chain (connecting the cars) " gave a terrible snatch," which was stricken out.   In dismissing

Appellate Term, First Department, November, 1921.    [Vol. 117.

the complaint for failure on the part of plaintiffs to prove negligence, the learned court said: " There is no evidence here which will show that this jerk was any more than the usual jerk which the plaintiff admits cars start with," and added: " I have stricken out the characterization of the jerk because the decisions compel me to do so."

Respondent's brief undertakes to sustain these rulings and this view by citing a number of cases in which complaints were dismissed where the plaintiff used similar phraseology, as " sudden stop," " violent jerk," " sudden jerk," etc. It may well be that the mere use of such a phrase is not conclusive upon defendant to establish negligence. The words " terrific jerk," however, have a very clear meaning to most minds, and there is no reason why plaintiff should be prevented from describing in ordinary human phraseology what she actually observed and to expatiate upon and explain it as she saw and felt it so that the jury may determine whether it was the result of negligence on the part of defendant or not. Similarly, of course, defendant is entitled to cross-examine the witnesses to ascertain the exact fact testified to. There is no fetish in the word " jerk " pro or con.

In the instant case plaintiff was prevented from testifying to the actual happening, first, in her own language, and next, in any terms which the appropriate question of her counsel might call for. In my opinion the phrases stricken out should have been allowed to stand and plaintiff should have been allowed to answer how the jerk which threw her differed from the ordinary starting jerk of a train, if it did. *Hassen* v. *Nassau Elec. R. Co.,* 34 App. Div. 71; *Brainard* v. *Nassau Elec. R. Co.,* 44 id. 613; *Sheeron* v. *Coney Island,* 78 id. 476; *Futoransky* v. *Nassau Elec. R. Co.,* 169 id. 719;

*Starkman* v. *Interborough R. T. Co.,* 83 Misc. Rep. 62; *Tompkins* v. *Interborough R. T. Co.,* 88 id. 20.

Judgments reversed and new trial granted, with costs to appellants to abide the event.

GUY and WAGNER, JJ., concur.

Judgments reversed.