CARMELO LOMBARDI, Appellant, *v.* NEW YORK STATE RAILWAYS, Respondent.

Fourth Department, November 9, 1928.

*A. Fairfax Montague,* for the appellant.

*Mackenzie, Smith, Lewis & Michell* [*Charles E. Spencer* of counsel], for the respondent.

PER CURIAM. This is an appeal from a judgment of nonsuit granted at the close of plaintiff's evidence.

Plaintiff, a passenger in one of defendant's cars, was thrown from his seat by the sudden stopping of the car as it turned from Marcellus street into Geddes street in the city of Syracuse and received serious injuries from the fall. The testimony is that he was seated on the right front seat of the car which was running fast; that he had one hand on the back of this seat; then " all at once the car stopped and I fall right down on the floor like that.

That is all I knew then. I don't remember nothing because I don't know my mind at all any more."

Two of plaintiff's ribs were broken; he had a severe concussion of the brain and, in addition, suffered various strains and bruises; from the effects of these injuries he was confined to his bed and to his house for about five weeks and down to the time of the trial was more or less incapacitated.

The question is whether on this testimony there is presented a question of fact for the jury. (*McConnell* v. *Hellwig*, 190 App. Div. 244.) The evidence is to be considered in the light most favorable to plaintiff. (4 Wait's N. Y. Pr. [2d ed.] 4222.) It is only when there is no evidence in law to sustain a verdict that a nonsuit may be granted. (*Colt* v. *Sixth Avenue Railroad Co.*, 49 N. Y. 671.) If in any view of the evidence a verdict for the plaintiff might have been rendered, the case should not have been taken from the jury by a nonsuit (*Clemence* v. *City of Auburn*, 66 N. Y. 334), and the plaintiff is to be given the advantage of every inference that can be properly drawn from the evidence. (*Kraus* v. *Birnbaum*, 200 N. Y. 130.) Having in mind these principles of law, we think the facts shown by the testimony offered in behalf of plaintiff were sufficient to make out a *prima facie* case. (*Unger* v. *Forty-second St., etc., R. R. Co.*, 51 N. Y. 497.) It is common knowledge that in the ordinary stopping of street cars no harm befalls their passengers; that in the care of an experienced and reasonably careful motorman that operation may be safely performed. When, therefore, a car proceeding at a fast rate of speed is stopped so abruptly as to throw a passenger from his seat with sufficient violence to cause the injuries here complained of, lack of due care on the part of the operator may, in the absence of other explanation, be inferred. (*Tompkins* v. *Interborough Rapid Transit Co.*, 88 Misc. 20.) For this reason we think the granting of a nonsuit was error.

During the examination of plaintiff it was shown that he was accustomed to riding on street cars; he was then asked if this "was the usual and ordinary stop," meaning manner of stopping. The learned trial court sustained an objection that this was incompetent because it called for the conclusion of the witness. The story of the accident was before the jury; the evidence sought by the excluded question related thereto, was descriptive and called for a fact; it was not, as was said by Mr. Justice Seabury in the *Tompkins* case, merely characterization. (*Tompkins* v. *Interborough Rapid Transit Co., supra; Fellows* v. *Interborough Rapid Transit Co.*, 117 Misc. 64.) The distinction between description and conclusion may be close but it nevertheless is well marked;

the decision must in each instance be determined by the surroundings and we are of the opinion that in the instant case the testimony was admissible.

The judgment should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.