JOSEF F. SCHULZ, Respondent, v. JOHN J. FINN et al., Appellants.— The plaintiff was a passenger in a bus driven by one defendant and owned by the other. He claims that while the bus was traveling at an excessive rate of speed it "jounced or bounced," that he was raised from his seat, and upon coming down suffered injuries. Judgment, entered on the verdict of a jury in favor of plaintiff, reversed on the law and a new trial granted, costs to abide the event. (1) The rule of *res ipsa loquitur* is applicable to the case, but was incorrectly explained. It was not correct to instruct the jury that if the plaintiff was thrown from his seat by a sudden and violent jounce of the bus, "then

the defendant is negligent." Evidence of such matters permits an inference of negligence, but it is for the jury to say whether or not the evidence requires a finding of negligence. In other words, such evidence warrants the inference of negligence, but does not compel it. Introduction of evidence sufficient to raise the presumption establishes a prima facie case. But defendants have no burden of explaining the manner in which the accident happened. They may overcome the presumption by showing reasonable care against the happening of such an accident. (*Foltis, Inc.,* v. *City of New York,* 287 N. Y. 108; *Klein* v. *Fraser,* 169 App. Div. 812, 813-814.) (2) Under the facts and circumstances of this case, where it is not shown that there was any defective appliance or equipment on the bus, and there was no apparent grave danger confronting the bus driver, the rule of highest degree or high degree of care was not applicable in respect of either defendant. The bus driver's duty is to be measured by the care of a reasonably prudent man under the circumstances. (*Glick* v. *New York R. T. Corp.,* 259 App. Div. 1044; *Brennan* v. *Brooklyn & Queens T. Corp.,* 258 App. Div. 1055.) (3) It was improper to admit evidence of plaintiff's claimed conditions of sexual impotence, where there was no mention of such condition in the bill of particulars, and where there is no evidence that sexual impotence necessarily and immediately flows from any of the injuries set forth in the bill. (*Page* v. *President of D. & H. C. Co.,* 76 App. Div. 160; *Jones* v. *Niagara Junction R. Co.,* 63 App. Div. 607.) (4) During the cross-examination of defendants' witness Malone there was introduced in evidence a written statement of the accident, made by the witness to the plaintiff's attorney some two months after the accident. Thereafter defendants offered in evidence a written statement made by the witness on the day of the accident. The offer was rejected. The statement was admissible. (*Ferris* v. *Sterling,* 214 N. Y. 249, 254.) (5) During the cross-examination of the defendant driver testimony was admitted to the effect that he had previously made out accident reports. The testimony was incompetent. The written report of the accident made by this defendant to the Motor Vehicle Bureau was received as an exhibit. Inasmuch as the exhibit contains a categorical statement as to prior accidents, it might have been better if, instead of introducing the whole exhibit in evidence, there had been read to the jury the statement in the report as to the cause of the accident in suit. A new trial is required by reason of these errors. Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.