Peck, P. J.
This is an action by a Pullman porter against a railroad for personal injuries sustained in two accidents. We are not concerned with any question of liability as to the first accident because liability was admitted and the only question is one of damages. This appeal relates principally to the second cause of action, as to which defendant contends liability was not established and its motion to dismiss should have been granted, or at least a new trial should be ordered because of errors in the charge. The first cause of action is incidentally involved in the appeal because a single verdict was taken on both causes of action and it is impossible to ascertain the damages assessed on the first cause of action. Defendant contends that as the judgment must be reversed as to the inseparable part dealing with the second cause of action, there must also be a new trial as to the question of damages on the first cause of action. We agree that separate verdicts should have been taken, although apart from some other infirmity in the judgment that probably would not matter. As we find error in the charge as to the second cause of action, however, and are required to order a new trial, it is sufficient to point out for the guidance of the court on the new trial that separate verdicts should be taken.
The allegations of the second cause of action are that defendant so negligently operated the train on which plaintiff was a porter as to cause it to collide with a truck and by reason of the *322 collision plaintiff was violently thrown from his position in the car in which he was at work and injured.
The accident happened on a clear day in broad daylight at an open crossing. Plaintiff’s own case did not go beyond showing the happening of the accident and plaintiff relied on the rule óf res ipsa loquitur to establish, a prima facie case of defendant’s negligence. Defendant’s evidence consisted of the testimony of the fireman and the engineer on the train. The fireman testified that he was on the left side of the engine as the train, traveling at seventy miles per hour, approached the crossing; that the engineer started sounding the whistle and bell at the whistling post a quarter of a mile before the crossing; that as the engine arrived at the whistling post he saw the truck approaching; that the driver of the vehicle had a clear and unobstructed view of the tracks and of the approaching train but continued toward the tracks; that seconds elapsed and when he saw that the truck driver was not going to stop he shouted to the engineer to apply the emergency brakes, the engineer applied the brakes, but the truck came on to the tracks in front of the advancing train and the collision occurred. The engineer testified that when he arrived at the whistling post he proceeded to blow the whistle and continued to blow it until reaching the crossing, and the bell was going; that when the fireman shouted at him he immediately applied the emergency brakes and brought the train to a stop about 3,000 feet beyond the crossing.
Defendant’s first contention is that there is no evidence of negligence; that the crew of the train, operating on defendant’s right of way, was justified in assuming that the driver of the truck, who had a clear and unobstructed view far down the tracks, would not drive on to the tracks in front of the oncoming train; that proper warning of the approach of the train was given and when it appeared that the truck was not going to stop and give the train its right of way the fireman and engineer took the only normal action.
"With so much of defendant’s position, as was incorporated in the court’s charge, that the train had the right to assume, the way being clear and visibility being good, that anyone who was approaching that track, or who was on that track, would not remain there in the face of that oncoming train, we agree. The only part of the charge to which any exception was taken, and the only part which gives us concern, is that part dealing with the rule of res ipsa loquitur and the burden of proof in that connection.
*323 The court charged that: “ With the fact that that collision occurred, there arises from that a rule of evidence, and only as a rule of evidence, a presumption of negligence on the part of the defendant, which calls upon it for an explanation. * * *
“ When I said a presumption of negligence arises, I simply mean this, that calls upon the defendant to give an explanation as to how that collision occurred. It does not shift the burden of proof from the plaintiff to the defendant at all. The plaintiff must still establish his cause of action and show that there was negligence on the part of that railroad company. * * *
“ But in order to find the defendant negligent on that second cause of action, you would have to find that its explanation which it has given here by its engineer and fireman has not satisfied you that it was not negligent. ’ ’
While we might not be meticulous about the use of the word “presumption” instead of the word “inference”, we think that the charge may have given the improper impression that upon the happening of the accident alone there was a presumption of negligence which would require the jury to find a verdict for the plaintiff unless the defendant offered an explanation which satisfied the jury that defendant was not negligent.
The rule of res ipsa loquitur is a matter of inference rather than presumption, and the inference is one which the jury may draw from the happening of the accident under the circumstances but is not required to draw. It does not shift the burden to the defendant in any way, not even the burden of offering an explanation. Defendant may remain silent, in which event the jury is left to determine whether or not it will infer negligence from the happening of the accident under the circumstances. If the defendant offers an explanation, it is for the jury to weigh that explanation in relation to all the evidence, but the burden of proof remains on plaintiff and is not on defendant by its explanation to satisfy the jury that it is not negligent. With the explanation in, the burden of proof is still entirely with the plaintiff to satisfy the jury on the whole case, including the explanation, that defendant was negligent. (See George Foltis, Inc., v. City of New York, 287 N. Y. 108; Judd v. Sams, 270 App. Div. 981, affd. 296 N. Y. 801, and Schulz v. Finn, 273 App. Div. 780.)
While we doubt that the charge was misunderstood, the case is so close on the facts that we think that defendant was entitled to a strictly accurate charge and the possibility of prejudice entitles defendant to a new trial.
*324 The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.
Cohn, Callahan, Van.Voorhis and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.