OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Our review of the scant record in this case fails to disclose prima facie proof that the defendant was in control of the damaged premises at the time the ceiling collapsed or that there was negligence in the performance of the *637 work. Specifically, the only testimony on the latter score came from Ralph Bank, the plaintiff’s subrogor’s president, who, disclaiming any personal knowledge on the subject, could recite no more than a hearsay conversation with Irving Buller, the president of the defendant, in which the latter, who was deceased by the time of the trial, in turn was said to have told Bank that unnamed “people that were involved in the demolition”, presumably ones other than the defendant, had not been aware of the fact that a wall they were removing supported the ceiling. Moreover, notably, there was no proof that these actions were negligent. In addition, without proof of control, an essential predicate for the application of the doctrine of res ipsa loquitur was absent. Accordingly, the complaint was properly dismissed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.