■ PHILIP BUTTI et al., Appellants, v CRAIG ROLLINS, as Executor of IRVING ROLLINS, Deceased, et al., Respondents.— In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered May 28, 1985, which, upon a jury verdict, is in favor of the defendants and against them.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Submission of a case on the theory of res ipsa loquitur is warranted only when a plaintiff has established that the event is of a kind which ordinarily does not occur absent someone's negligence, that the event was caused by an agency or instrumentality within the exclusive control of the defendant, and that the event was not due to any voluntary action or contribution on the part of the plaintiff *(Ebanks v New York City Tr. Auth.,* 70 NY2d 621; *Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, citing *Corcoran v Banner Super Mkt.,* 19 NY2d 425, 430, *mod on remittitur* 21 NY2d 793 [quoting Prosser, Torts § 39, at 218 (3d ed)]). "[W]ithout proof of control, an essential predicate for the application of the doctrine of *res ipsa loquitur* [is] absent" *(Interested Underwriters v Associated Ceilings Corp.,* 55 NY2d 635, 637). While it is not necessary that a plaintiff establish that there was only a single person or entity in control of that which is alleged to have caused the damage in order for res ipsa loquitur to apply *(see, Schroeder v City & County Sav. Bank,* 293 NY 370, *rearg denied* 293 NY 764; *Corcoran v Banner Super Mkt.,* 19 NY2d 425, *supra),* the instant plaintiffs' failure to establish that the event was caused by an instrumentality in the control of the defendant hospital warranted the court's refusal to submit the case to the jury insofar as it was against that defendant on a theory of res ipsa loquitur. We have examined all of the plaintiffs' remaining contentions and find them to be without merit. Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.