■ NANCY FLORIN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 72478.)—In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Silverman, J.), dated August 4, 1986, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

Based upon our review of the record we find that the claimant's unauthorized use of a lifeguard stand to execute a backflip was an unforeseeable event which relieves the defendant of liability (see, Boltax v Joy Day Camp, 67 NY2d 617). In addition we note that the determination of the Court of Claims that the lifeguard stand in question was sound and did not constitute a defective condition was supported by the record.

Further, the claimant's contention that the doctrine of res ipsa loquitur is applicable to the facts of this case is without merit. The claimant failed to establish that the lifeguard stand was within the exclusive control of the defendant or that the fracturing of the stand's footrest was not due to any voluntary action or contribution on the part of the claimant (see, Butti v Rollins, 133 AD2d 205).

We note that any alleged misinterpretation of the defendant's expert witness's testimony by the Trial Judge in his memorandum decision does not alter our determination that the court properly dismissed the claim.

We have reviewed the claimant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Bracken and Spatt, JJ., concur.