OPINION OF THE COURT
Nicholas A. Clemente, J.
The plaintiff, Edward V. Marsicano, was initially injured in an industrial accident and was taken to St. Vincent’s Hospital and Medical Center. Over a period of two years, he underwent four surgical procedures. The third such procedure, which occurred on March 31, 1987, involved a total hip replacement and prosthesis insertion, during which plaintiff suffered radial nerve injury to his right hand. Plaintiff sued five construction companies, amongst them Krugman and Fox Construction Corp. (Krugman), who then instituted a third-party action for medical malpractice against St. Vincent’s Hospital and Medical Center, Dr. James R. Dooley and Dr. Patrick J. Boland. As a third-party plaintiff, Krugman, cognizant of the certificate of merit requirement of CPLR 3012-a, filed a letter dated November 2, 1988, stating that it was relying solely on the doctrine *653 of res ipsa loquitur.* Thereafter and on January 25, 1985, Krugman filed an expert witness statement pursuant to CPLR 3101 (d) (1) (i) (approximately 3 months and 20 days after service of the third third-party complaint).
Now, the third third-party defendants, St. Vincent’s Hospital and Medical Center, Drs. Dooley and Boland (medical defendants), move for summary judgment dismissing the third third-party complaint contending that their medical experts establish that the radial nerve injury to plaintiff’s arm is a recognized risk of hip replacement surgery and the injury occurred absent any negligence on the part of the medical defendants. That since Krugman is bound by its letter of November 2, 1988 invoking the doctrine of res ipsa loquitur, it is both precluded from utilizing other theories of negligence and prohibited from using expert testimony to establish “that which speaks for itself’. Therefore, they argue, since their experts, by affidavit, have demonstrated that the doctrine of res ipsa loquitur is inapplicable to this case, that they are entitled to judgment as a matter of law.
Krugman maintains that a reliance solely on res ipsa loquitur, would not preclude the use of expert testimony to show negligence. That in any event, it is not bound to rely solely on res ipsa loquitur and, in fact, is also basing its case on the medical defendants’ acts of commission or omission with respect to the positioning of plaintiff during surgery. The basis for this argument is that it complied with CPLR 3012-a (g) when it served its expert witness statement on January 25, 1989. This apprised the defendants of other theories of medical malpractice that were being claimed.
At the start, I conclude that since the third-party practice herein deals with medical malpractice for the first time (the plaintiff does not claim it) that, therefore, a certificate of merit is required pursuant to CPLR 3012-a.
So, too, we need not dwell on the question of whether or not a plaintiff who asserts the doctrine of res ipsa loquitur pursuant to CPLR 3012-a (c) should be precluded from using expert testimony to make out a prima facie case. It is clear that in medical malpractice cases, it may often be necessary for an expert to testify that an injury would not occur in the absence of negligence and, thus, lay a foundation for invoking *654 the doctrine of res ipsa loquitur (Cornacchia v Mount Vernon Hosp., 93 AD2d 851).
As for this aspect of the case, Krugman through its expert will attempt to establish that plaintiff could not have been injured but for defendants’ negligence. The medical defendants may then come forward with an explanation to the jury to rebut the inference of negligence, drawn from the circumstances, by showing that reasonable care was exercised with respect to every probable cause of the incident (Loeffler v Rogers, 136 AD2d 824).
Both parties herein have proffered sufficient evidence in the form of medical affidavits and excerpts from medical texts to put in issue the question of whether the injury was one that ordinarily occurs in the absence of negligence. Thus, the medical defendants’ motion for summary judgment as to res ipsa loquitur must be denied.
The next question is whether Krugman should be permitted to prove multiple theories of negligence, in addition to res ipsa loquitur.
There is no doubt that absent a consideration of the efficacy of CPLR 3012-a, Krugman would be permitted to present a theory of res ipsa loquitur in conjunction with specific negligence. In Abbott v Page Airways (23 NY2d 502, 511-512) the court stated:
"It must, of course, be acknowledged that it would be impermissible to rely on res ipsa if the proof adduced by the plaintiff actually refutes or negates the inference which might otherwise have been drawn from application of that doctrine. This is common sense. However, the mere fact that the plaintiff seeks to bolster his case by introducing specific evidence of the defendant’s negligence should not compel the plaintiff to forego reliance on the rule of res ipsa loquitur. In point of fact, as the Appellate Division observed in Zaninovich (26 A D 2d, at p. 157), requiring the plaintiff to elect between res ipsa and specific evidence not only 'involve[s] grave logical difficulties’ but has been the subject of criticism by such distinguished authors in the field of torts as Prosser (Torts [3d ed.], p. 236) and Harper & James (Law of Torts, vol. 2, § 19.10, pp. 1098-1099).
"It is clear that there can be no logical or reasonable basis for requiring a plaintiff to choose between res ipsa and specific evidence of negligence or for precluding him from relying on res ipsa principles once evidence of negligence had been *655 introduced, unless the two alternate modes of proof are fundamentally or inherently inconsistent. Quite obviously, there is no such inconsistency. The principle that 'the thing speaks for itself does not state a separate theory on which a plaintiff may recover for injury. It amounts to nothing more than 'a common-sense application of the probative value of circumstantial evidence’ (Galbraith v. Busch, 267 N. Y. 230, 235, supra), and a brief analysis of the logical basis for res ipsa dispels any idea that it is incompatible with specific evidence of fault.”
The troubling question is whether a party may skirt subdivision (a) of CPLR 3012-a by initially claiming compliance with CPLR 3012-a (c) and then claim tardy compliance through CPLR 3012-a (g).
In a medical malpractice case, CPLR 3012-a (a) (1) requires the service of a certificate of merit with the complaint. Said certificate of merit must state that the attorney has consulted a physician and on the basis of such consultation and review of the facts, the attorney has concluded that there is a reasonable basis for the commencement of an action. A certificate of merit is inapplicable when the attorney declares, pursuant to CPLR 3012-a (c) that he is relying solely on the doctrine of res ipsa loquitur. CPLR 3012-a (g) provides that in lieu of filing the certificate, that plaintiff may provide defendant with information required by CPLR 3101 (d) (1) (i), apparently within 90 days after service of the complaint.
There is no doubt that the intent of CPLR 3012-a is to require the lawyer (not the client) to take affirmative investigatory steps prior to commencing an action in order to avoid frivolous suits.
Thus, laziness or venality ordinarily should be penalized by prohibiting proof of specific acts of negligence where a lawyer has declared that he is relying solely on res ipsa loquitur. Yet, while strict compliance should be encouraged, slavish adherence should not be demanded.
In this case, we have the uncertainty of Krugman regarding CPLR 3012-a as it applies to third-party plaintiffs, coupled with the lack of prejudice to the medical defendants (inferentially, by receipt of the medical experts’ statement, the medical defendants were advised, almost two years ago, that the Krugman attorneys had concluded that there was a reasonable basis for this action after a consultation with a physician).
*656 I, therefore, conclude that the service of the expert witness statement pursuant to CPLR 3101 (d) (1) (i), although tardy, sufficiently satisfies the requirements for the filing of a certificate of merit as permitted in CPLR 3012-a (g), so as to allow proof of specific acts of negligence, as well as proof regarding res ipsa loquitur.
Accordingly, the medical defendants’ motion for summary judgment is denied in its entirety.

 The letter expressed uncertainty as to whether a certificate was necessary when a defendant was a third-party plaintiff and requested that, if so, that the letter be accepted "in lieu of such a certificate”.