■ Donna A. De Luke, Appellant, v State of New York, Respondent.—Weiss, J. Appeal from a judgment of the Court of Claims (Hanifin, J.), entered December 13, 1989, which dismissed the claim.

On November 4, 1986, claimant, a student at the State University of New York at Cobleskill in Schoharie County fell while descending a flight of stairs located between her dormitory at Fake Hall and Champlin Dining Hall where she ate her meals. Claimant testified that when she placed her left foot on to the first stair "[t]he stair gave way and broke loose and crumbled off and I fell to the landing". Following a bifurcated trial on the issue of liability, the Court of Claims rendered a decision dismissing the claim on the ground that claimant did not prove the State was negligent in failing to observe and anticipate the effects of a hairline crack on the step on which she fell prior to the fall and in the course of a reasonable inspection program. Claimant has appealed.

At the very outset, claimant has urged that our review of the underlying determination not be limited to whether the verdict is against the weight of evidence; rather, that we weigh the relative probative force of conflicting inferences which may be drawn from the testimony *(see, Freund v State of New York,* 137 AD2d 908, 909, *lv denied* 72 NY2d 802; *Cordts v State of New York,* 125 AD2d 746, 749). While indeed this court may render judgment as warranted by the record, it is important to observe that the trial court had the advantage of hearing the witnesses firsthand *(Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499) and we are therefore reluctant to disturb any findings based solely upon credibility *(see, Buffett v Buffett,* 166 AD2d 819; *Arnold v State of New York,* 108 AD2d 1021). Within these principles, we examine the record to determine whether the State acted reasonably under the circumstances and whether an accident as described by claimant should have been foreseeable to the property owner *(see, Basso v Miller,* 40 NY2d 233, 241). Reduced to the lowest common denominator, the issue distills to whether the evidence presented established that the State had notice of the alleged defective condition of the stairs before the accident *(see, Gordon v American Museum of Natural History,* 67 NY2d 836, 838) and failed to act appropriately.

Claimant called as witnesses three of the State's employees who worked in maintenance and repair at the college. Each was familiar with and had used the stairs, but none had any knowledge of either the condition of the subject stairs or of any requests to repair them. She then presented Caryn Kaplan, the residence hall director who testified that when she observed that the stairs were in "poor condition", she prepared and filed with the maintenance office a request for repair form a few days prior to the accident. Karen Cleary, claimant's classmate, testified that she had observed the stairs 30 days before the accident and that they were "pitted", contained "fine cracks" and had "crumbled" in places. She had been walking in front of claimant at the time of the fall but did not see it happen. On cross-examination, claimant testified that just before she fell, she had observed that the steps "were uncrumbled, unbroken with fine cracks in them. They appeared intact." In her examination before trial, however, claimant testified that she had looked at the stair as she was stepping on it and that "[i]t appeared fine". At that deposition she also testified that "the stairs were clear, they were unbroken and they were dry". Although her deposition

testimony was that when asked, "Did you at any time notice any problem with any of the stairs?", she answered "No," upon the trial she stated that she had misunderstood the meaning of the word "problem".

In contrast, the State produced Roger Lockwood, a carpenter; Ronald Nielsen, the University Environmental Health and Safety Officer; Ian Hunter, the Director of the Physical Plant; and William Ott, a carpenter's assistant. All of these witnesses testified that they had used the stairs frequently and had not observed any defects or deficiencies. None of the State's witnesses had knowledge or recollection of the request for repair form that Kaplan said she had filed. Hunter testified, and the Court of Claims found, that the type of hairline fracture involved in the accident could not be observed without a very close inspection. Photographs admitted into evidence did show evidence of a crack and some crumbling at the corner of two steps at a location remote from the step on which claimant alleged she had fallen. The step where claimant fell was covered with wood boards shortly after the accident.

The Court of Claims found that the step was defective and did in fact crumble as claimed, but discounted the testimony of both claimant and Cleary to the effect that they observed cracks in the immediate vicinity of the accident before the occurrence which were visible to anyone walking on the stairs. The court also discounted Kaplan's testimony concerning both her filing of the request for repair form and a telephone call she said she made to the maintenance department. Instead, the court found that these events did not relate to the subject defect or to hairline cracks. Finally, the court concluded that the State had neither the notice of the condition nor a duty to inspect the stairs, in the manner testified to as necessary to enable discovery of the fine cracks which allegedly were the proximate cause of the accident.

We find that the Court of Claims' conclusions have ample support in the record and no valid reason has been demonstrated to disturb the determination (see, Cordts v State of New York, 125 AD2d 746, supra). The credibility of claimant and her witnesses Kaplan and Cleary was plainly called into question as it applied to their knowledge of the condition of the specific accident site. Kaplan never directed her observations to cracks and conditions at the precise location where claimant fell; rather, she focused upon unrelated problems elsewhere on the stairway. Both claimant and Cleary were contradictory and vague as to what they observed at the

accident site, and in any event testified that they had not observed any defect. Moreover, the court had before it evidence that discovery of a hairline crack, the likely cause of the accident, could not have been made by normal inspections of the stairs but could be observed only upon a close inspection.

Finally, we find no merit to claimant's res ipsa loquitur argument raised for the first time on this appeal. The elements of res ipsa loquitur *(see, Cornacchia v Mount Vernon Hosp.,* 93 AD2d 851), which are not solely legal in nature, could have been factually countered by the State if raised at trial, and accordingly that theory of liability is not properly reached on this appeal *(see, Smith v Smith,* 116 AD2d 810, 812).

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.