Elizabeth FAGAN and Paul F. Fagan,
her husband, Plaintiffs,

v.

A CLASSIC RENT A CAR,
INC., Defendant.

No. 90–CV–0898.

United States District Court,
E.D. New York.

Jan. 30, 1991.

Edgar L. Sheller, New York City, for plaintiffs.

Smith, Mazure, Director & Wilkins, P.C. New York City (Gerald Director, of counsel), for defendant.

## MEMORANDUM–DECISION & ORDER

BARTELS, District Judge.

Defendant's airport shuttle van went over a speed bump at the Kennedy airport in Queens from which plaintiff Elizabeth Fagan was jolted and suffered a fractured vertebrae. She now sues the defendant, A Classic Rent a Car, Inc., for negligence of the van driver which caused her injury. The defendant, alleging that the plaintiffs have shown no facts demonstrating that the van driver was negligent, denies negligence and, in addition, now moves for a summary judgment pursuant to Fed.R. Civ.P. 56.

The issue, which arises from such a motion, requires the Court to determine whether the pleadings and affidavits raise a material question of fact. In this case the question is whether no jury could find that the defendant's van driver was negligent when he went over the speed bump. Excessive speed over the bump would have caused the injury and by driving too quickly the driver could be found negligent. These are conclusions which a reasonable jury could infer from the facts. At all events, it was a classic case of *res ipsa loquitur.*

## DISCUSSION

"If the defendant in a run-of-the-mill civil case moves for summary judgment ... based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine', that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.,* at 477 U.S. 247, at 106 S.Ct. 2510. "[T]he question whether summary judgment is appropriate in any case is one to be decided upon the particular facts of that case." *First National Bank of Arizona v. Cities Services Co.,* 391 U.S. 253, 259, 88 S.Ct. 1575, 1577, 20 L.Ed.2d 569 (1968).

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge...." *Anderson, supra,* at 477 U.S. 255, 106 S.Ct. 2513. "The evidence of the non-movant is to be believed, and all justifiable

inferences are to be drawn in his favor." *Id.*

"As a general proposition, negligence questions are properly resolved at trial because, upon a motion for summary judgment, a court may not try issues of fact; it may only determine whether there are factual issues to be tried." *INA Aviation Corp. v. U.S.*, 468 F.Supp. 695, 699 (E.D.N.Y.1979), *aff'd* 610 F.2d 806 (2d Cir.1979). *See also, Davidson v. Stanadyne, Inc.*, 718 F.2d 1334 (5th Cir.1983) (use of summary judgment is rarely appropriate in negligence or products liability cases, even where material facts are not disputed). If there is an inference which can be deduced from the facts, whereby the plaintiff in a personal injury action might recover, summary judgment for the defendant is inappropriate. *James v. Atchison T. & S.F. Ry. Co.*, 464 F.2d 173 (10th Cir.1972). Only when the plaintiff's evidence, even if it is not highly convincing or persuasive, would support an inference that the defendant's negligence was more probably than not the proximate cause of the accident, is it sufficient to defeat summary judgment. *Bieghler v. Kleppe*, 633 F.2d 531 (9th Cir.1980).

*Res Ipsa Loquitur*

The plaintiffs' evidence supports an inference that the defendant's negligence was more probably than not the proximate cause of the accident. *Bieghler, supra.* A jury could reasonably infer that the driver negligently went over the bump with excessive speed, thereby causing the "jolt" which allegedly injured the plaintiff. While the plaintiff has no direct evidence of the van's speed, the circumstances leading up to the plaintiff's injury make such an inference reasonable. A plaintiff in a negligence action need not exclude all other possible causes of an accident in order to state a prima facie case. *Humphrey v. State*, 469 N.Y.S.2d 661, 60 N.Y.2d 742, 457 N.E.2d 767 (1983). Furthermore, the defendant has offered no plausible alternative explanation of how the massive jolt in the van, and the plaintiff's resulting injury, could have occurred if the van was in fact travelling at the proper speed.

There are a myriad of New York cases which hold that negligence can be inferred when the jury is faced with circumstances similar to those here present. For example, in *Trudell v. New York Rapid Transit Corp.*, 281 N.Y. 82, 22 N.E.2d 244 (1939), the New York Court of Appeals held that, if "out of the ordinary and unusual", a "sudden jerk" of a trolley car, which allegedly threw a passenger from the car's rear platform, was evidence warranting inference of negligence in the operation of the train. *See also*, the following. *Harris v. Manhattan & Bronx Surface Transit*, 529 N.Y.S.2d 290, 291, 138 A.D.2d 56, 57 (1st Dept.1988) ("no 'hard and fast' rule can be formulated as to precisely what amount of jerking or jolting of a street car or bus will give rise to an inference of negligence and, conversely, what amount of such jerking or jolting is usual and ordinary, incidental to the operation of such vehicle"); *Richter v. Trailways of New England, Inc.*, 282 N.Y. S.2d 148, 28 A.D.2d 737 (2d Dept.1967) (evidence raised jury question where driver of bus passed over construction site and allegedly caused passenger in washroom to receive a "terrible jolt", lose her balance, and fracture her coccyx); *Lombardi v. New York State Railways*, 231 N.Y.S. 306, 224 A.D. 438 (4th Dept.1928) (evidence raised jury question where the force of a sudden stop was violent enough to throw a seated passenger from his seat and cause him severe traumatic injuries, two broken ribs, and a severe concussion); *Miller v. Intercity Transportation Co.*, 31 Misc.2d 777, 221 N.Y.S.2d 433 (1961) (evidence raised jury questions whether passenger was thrown to floor of defendant's bus by sudden stop with force sufficient to tear his grip from back of seat and propel him flat on his face on the floor and whether defendant was negligent in making such stop).

The mere fact that an accident or injury has occurred, with nothing more, does not constitute a prima facie case of negligence. *Calvert v. Katy Taxi, Inc.*, 413 F.2d 841 (2d Cir.1969). However, "under the doctrine of *res ipsa loquitur*, the occurrence of the injury, and the surrounding circumstances, may permit an inference of culpability on the part of the defendant, make

72

out the plaintiff's prima facie case, and present a question of fact for the defendant to meet with an explanation." 79 N.Y.Jur.2d § 128. *See also, Dermatossian v. New York City Transit Authority,* 501 N.Y.S.2d 784, 67 N.Y.2d 219, 492 N.E.2d 1200 (1986). The doctrine of *res ipsa loquitur* represents a common-sense appraisal of the probative value of circumstantial evidence. *Pollock v. Rapid Indus. Plastics Co.,* 497 N.Y.S.2d 45, 113 A.D.2d 520 (2d Dept.1985). The doctrine is not invoked unless the evidence shows at least a probability that a particular accident could not have occurred without legal wrong by the defendant. *De Witt Properties, Inc. v. New York,* 406 N.Y.S.2d 16, 44 N.Y.2d 417, 377 N.E.2d 461 (1978).

The doctrine of *res ipsa loquitur* applies if a plaintiff satisfies the following requirements: First, the event must have been of a kind which does not ordinarily occur in the absence of someone's negligence. *Dermatossian v. New York City Transit Authority,* 501 N.Y.S.2d 784, 67 N.Y.2d 219, 492 N.E.2d 1200 (1986). Second, the event must have been caused by an agency or instrumentality within the exclusive control of the defendant. *Id.; Interested Underwriters at Lloyds v. Associated Ceilings Corp.,* 446 N.Y.S.2d 254, 55 N.Y.2d 635, 430 N.E.2d 1307 (1981). Third, the event must not have been due to any voluntary action or contribution on the part of the plaintiff. *Ebanks v. New York City Transit Authority,* 518 N.Y.S.2d 776, 70 N.Y.2d 621, 512 N.E.2d 297 (1987). Finally, some cases have also required that evidence as to the true explanation of the event must be more readily accessible to the defendant than the plaintiff. *See, e.g., Cornacchia v. Mt. Vernon Hospital,* 461 N.Y.S.2d 348, 93 A.D.2d 851 (2d Dept.1983).

Accordingly, New York courts have applied the doctrine in similar circumstances. In *Schulz v. Finn,* 75 N.Y.S.2d 15, 273 A.D. 780 (2d Dept.1947), an action by a bus passenger against a bus operator, the Court applied res ipsa loquitur where the passenger claimed that he was "jounced and bounced" in a bus that was travelling at excessive speed and that he was injured when he was raised from his seat. *See*

*also, Miller, supra,* at 221 N.Y.S.2d 436–38. Res ipsa loquitur therefore justifies the imputation of negligence, which raises a question for the jury.

Accordingly, defendant's motion for summary judgment on the issue of liability is hereby denied.

SO ORDERED.