■ WILLIAM BEAMISH, Appellant, v SHIRLEY BEAMISH, Respondent.—Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The Judicial Hearing Officer determined that the parties intended to divide plaintiff's pension as part of their overall divorce settlement, pursuant to the *Majauskas* formula (see, *Majauskas v Majauskas*, 61

NY2d 481), but that they inadvertently failed to include it in their January 9, 1986 stipulation. We see no reason to disturb that finding (see, Matter of Liccione v John H., 65 NY2d 826; De Luke v State of New York, 169 AD2d 916). The Judicial Hearing Officer erred, however, in awarding a money judgment to defendant. Plaintiff fully performed his obligations under the stipulation of December 16, 1986. He was required only to execute a quitclaim deed, not to guarantee title, and to convey whatever interest he had. Both parties were aware not only of plaintiff's pending bankruptcy proceeding, but also that it created a real risk to plaintiff's title. That the conveyance might be invalidated was clearly contemplated in their agreement. Plaintiff performed as required under the stipulation and such performance, although unsuccessful, constituted sufficient consideration (see, 1 Williston, Contracts § 137 [3d ed]; see also, Benward v Automobile Ins. Co., 60 F Supp 995, affd 155 F2d 521). We, therefore, modify the order and judgment to delete the first paragraph thereof, and otherwise affirm. (Appeal from Order and Judgment of Supreme Court, Erie County, Francis, J.—Equitable Distribution and Support.) Present—Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.